(134 So. 817)

### CURB v. STATE.

2 Div. 439.

Court of Appeals of Alabama.

Feb. 24, 1931.

Rehearing Denied May 5, 1931.

A. M. Pitts, of Selma, and A. W. Stewart, of Marion, for appellant.

Charlie C. McCall, Atty. Gen., and Merwin T. Koonce, Asst. Atty. Gen., for the State.

RICE, J.

Appellant was convicted of the offense of forgery in the second degree. Code 1923, § 4121.

The indictment substantially followed the form prescribed by the Code, and was sufficient as against the demurrers interposed. Code 1923, § 4556, subsec. 62; Code 1923, § 4527.

The instrument alleged to have been forged, though a "conveyance for the alienation of lands," etc., and purporting to be signed only by "mark" by the grantors therein, without attesting witnesses (Code 1923, § 6838), was yet, because it bore, affixed, the "acknowledgements" of the said grantors, in accordance with the forms, and in the manner, prescribed by Code 1923, § 6845, of such potential, or apparent, efficacy, as to be sufficient, as against demurrer, upon which to predicate a charge of forgery. Code 1923, § 6840.

Appellant's able counsel have filed, here, two very elaborate briefs in his behalf. But, as a matter of fact, we find but few questions raised—really none that we deem worthy of extended comment.

The burden of the argument made for a reversal of the judgment of conviction is, mainly, that the court erred in refusing to give at appellant's request the general affirmative charge in his favor, or, at any rate, in overruling his motion for a new trial.

We are of the opinion, and hold, however, that the court properly overruled appellant's motion for a new trial, and hence, perforce, did not err in refusing to give said general affirmative charge. It would add nothing of value to our opinion to discuss the evidence. That for the state was manifestly, and abundantly, sufficient to support the verdict; that for appellant tended to deny or refute it. Clearly, the issues were for the jury, and, as the learned trial judge so well stated, there were not so many questions of law involved in the case—practically the whole question being, Did or not appellant do what he was charged with doing?

We do not find that any undue restrictions were thrown about him in the matter of making his defense or that any undue advantage was taken of him in the matter of presenting the state's theory.

The few exceptions reserved on the taking of testimony have each been examined. None of them present any new or novel question of law. And in none of the rulings underlying same do we find prejudicial error.

The trial court's oral charge, in connection with the several written charges given at appellant's request, fully covered the law of the case.

We have critically inspected the several written charges requested by, and refused to, appellant. The substance of each of same, if not confusing, incorrect, inapplicable, or otherwise correctly rejected, we find to be fully covered in other charges given.

There appears nowhere prejudicial error, and the judgment of conviction is affirmed.

Affirmed.